Feliza Martina MANUEL–
FRANCISCO,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–74549.

Agency No. A72–140–940.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM**

Feliza Martina Manuel–Francisco, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of an Immigration Judge's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we grant the petition and remand to the BIA.

Substantial evidence does not support the BIA's finding that petitioner failed to establish past persecution based on an enumerated ground. Petitioner's brother was forcibly conscripted by the guerrillas in Guatemala. In 1992, he left the guerril-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

las and purchased a bus to begin a transportation business. A month later, while he was on his bus with petitioner and their parents, the bus was attacked by soldiers. The soldiers beat petitioner's brother and hung him from a church cross in her village. The soldiers took petitioner's father off the bus and stoned him to death, shot her mother to death, and raped petitioner. Because the targeted, systematic nature of the murders and rape and the manner in which the crimes were carried out provide circumstantial evidence that the soldiers imputed the family's support for the guerrillas, substantial evidence does not support the BIA's denial of relief. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1075–77 (9th Cir.2004) (holding that alien established eligibility for asylum where Guatemalan soldiers raped her in part based on the mistaken assumption that her brother, who had been forcibly conscripted by the guerrillas, and her family, supported the guerrillas).

We conclude that petitioner established past persecution, giving rise to a rebuttable presumption of a well-founded fear of persecution. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004). Accordingly, we grant the petition for review and remand to the BIA to give the Attorney General an opportunity to rebut this presumption and for the BIA to consider whether petitioner qualifies for relief. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Lopez v. Ashcroft,* 366 F.3d 799, 805–07 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED; REMANDED.**